In The United States District Court
Northern District of Texas
Dallas Division

| | | |
|---|---|---|
| Philippa Arellano | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| Intercity Investments, Inc. | § | |
| | § | |
| Defendant. | § | |

## Plaintiff's Original Complaint

Plaintiff Philippa Arellano  ("Arellano" or "Plaintiff") files this Original

Complaint against Intercity Investments, Inc. ("Intercity" or "Defendant") and shows:

## Parties

1.   Plaintiff Philippa Arellano is an individual citizen of Texas.

2.   Defendant Intercity Investments, Inc. is a domestic for-profit corporation doing

business in Texas.  It may be served by serving its registered agent, Curtis Garmon,

4301 Westside Drive, Suite 100, Dallas, Texas 75201-4713.

## Venue and Jurisdiction

3.   Venue is proper in Dallas County because Defendant does business in Dallas

County.

4.   This Court has federal jurisdiction over the claims asserted under the Equal Pay

Act, 29 U.S.C. § 206(d).

## Factual Background

5.   Intercity is a property management company.

6.   Intercity hired Arellano in March 2019 and assigned Arellano to be a valet working at The Vendome in Dallas, Texas.

7.   Beginning in March 2020, Intercity required Arellano to provide concierge services at The Vendome besides providing valet services.

8.   Arellano resigned her employment from Intercity on April 4, 2021.

9.   When Arellano resigned, Intercity paid Arellano $14.90 per hour when Arellano provided concierge services.

10.   When Arellano resigned, Intercity paid Arellano $13.90 per hour when she provided valet services.

11.   Intercity paid male employees who worked as both a concierge and a valet the same hourly rate for both positions.  Yet Intercity paid Arellano a lower hourly rate when Arellano worked as a valet.

12.   Intercity paid Arellano less than her male peers for doing the same work in the same or similar working conditions.

13.   Arellano filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging sex, race, national origin, and age discrimination and retaliation on April 22, 2021.  Arellano does not sue for discrimination or retaliation under

Title VII at this time because her Charge has not been pending for over 180 days and she cannot yet request a Notice of Right to Sue from the EEOC. However, Arellano does intend to request the Notice of Right to Sue from the EEOC when possible. Arellano will seek leave to amend this lawsuit and assert those additional claims.

## Causes of Action

### Equal Pay Act Claim, 29 U.S.C. §206(d)

14. Arellano incorporates the preceding paragraphs as if fully restated.

15. Intercity is an employer as defined by the Equal Pay Act, 29 U.S.C. § 203(d).

16. Arellano is an employee as defined by 29 U.S.C. § 203(e).

17. Arellano asserts her Equal Pay Act claim on behalf of herself in her individual capacity.

18. Intercity employed Arellano as a valet and a concierge at The Vendome.

19. Intercity also employee men to work as both a valet and a concierge at The Vendome.

20. Intercity's employees at The Vendome who work as both a valet and a concierge share the same job duties and perform the same tasks for Intercity. The employees who serve as a valet and concierge at The Vendome for Intercity perform equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

Plaintiff's Original Complaint                                                                 Page 3

21. Intercity paid Arellano paid less than the male employees who performed valet and concierge services. Upon information and believe, the male employees who performed both valet and concierge services were paid the same hourly rate for both job.

22. Intercity paid Arellano one hourly rate for working as a concierge and a lower hourly rate for working as a valet. However, Intercity paid male employees the same rate for performing both positions. Arellano was paid less than her male peers.

23. Intercity has no legitimate non-discriminatory basis for the disparity in compensation between that paid to Arellano and the male employees who worked as both a concierge and a valet for The Vendome.

24. Because Intercity paid different wages to employees of opposite sexes for equal work on jobs, the performance of which required equal skill, effort, and responsibility and which were performed under similar working conditions, Intercity violated the Equal Pay Act, 29 U.S.C. § 206(d).

25. Intercity's violation of the Equal Pay Act was willful.

26. Arellano has been damaged by Intercity's unequal payments of wages and seeks to recover all damages she has suffered because of Intercity's violations of the Equal Pay Act including back pay, liquidated damages, attorney's fees and costs under 29 U.S.C. § 216(b).

**Notice of Pending Claim for Discrimination and Retaliation under Title VII**

27. Arellano incorporates the preceding paragraphs as if fully restated.

28.   Arellano filed a Charge of Discrimination with the EEOC on April 22, 2021.

Arellano cannot yet bring a claim under Title VII because she has not yet exhausted her

administrative remedies for such claim.  However, Arellano notifies the Court she

intends to seek her Notice of Right to Sue from the EEOC when she can legally do so.

After Arellano receives that Notice of Right to Sue from the EEOC, Arellano intends to

seek leave to amend this Company to assert discrimination and retaliation claims under

Title VII.

## Jury Trial

29.   Arellano demands a trial by jury.

## Prayer

WHEREFORE, Plaintiff Philippa Arellano prays this Court enter a judgment

declaring the acts and practices of Intercity violate the Equal Pay Act and award

Plaintiff the relief sought and enter such other and further relief to which Plaintiff may

be justly entitled.

Respectfully submitted,

/s/ Karen K. Fitzgerald
Karen K. Fitzgerald
State Bar No. 11656750
Fitzgerald Law, PLLC
8150 N. Central Expy, 10th Floor
Dallas TX 75206
karen@fitzgerald.law
214.265.9958
(214) 367-6001 (fax)

Attorney for Plaintiff Philippa Arellano

**Consent to Join Lawsuit**

I give my consent to participate in this lawsuit alleging a claim under 29 U.S.C. § 206(d).

<u>/s/ Philippa Arellano</u>
Philippa Arellano